## Cincinnati, New Orleans & Texas Pacific Railway Company v. Brandenburg.

(Decided October 1, 1912.)

### Appeal from Scott Circuit Court.

Judgment—Will Not Be Reversed Merely Because Weight of Evidence Is On One Side.—A judgment will not be reversed merely because the weight of the evidence is on one side. In order to justify a reversal on this ground, it must appear that the verdict is flagrantly against the weight of the evidence, or that it was the result of fraud, passion or prejudice. (For former opinion, see 142 Ky., 814.)

BRADLEY & BRADLEY, JOHN GALVIN for appellant.

J. MORGAN CHINN, J. K ROBERTS and FORD & FORD for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This is the second appeal. The former opinion is found in 142 Ky., 814. The facts are fully set forth there. Upon the return of the case to the lower court, a second trial was had, with the result that plaintiff recovered a verdict and judgment for $250.00, and defendant again appeals, seeking a reversal here solely upon the ground that the verdict is against the weight of the evidence.

Upon the former appeal, a reversal was had, not because the verdict was against the weight of the evidence, but because the case had been tried out upon a false issue, although it is true, in that opinion, we said: "The weight of the evidence is against the contention of appellee that he was thrown or shoved from the steps." The same might be said of the evidence that was offered upon the last trial. We do not reverse the finding of a

jury merely because the weight of the evidence is in favor of one side or the other. But, in order to justify a reversal on this ground, it must appear that the verdict is flagrantly against the evidence, so much so as to induce the belief that it was the result of fraud, passion or prejudice. The only question for determination by the jury in this case was: Did an employe of the appellant company push or throw appellee from the steps of the train, while it was in motion? Appellee testified that he was shoved or thrown from the train, while three witnesses for appellant testified to the contrary. The jury, with the witnesses before them, heard this evidence, and, in spite of the fact that the decided numerical weight thereof was in favor of appellant, said that appellee was entitled to recover. We see no reason for disturbing that finding.

Judgment affirmed.