### Humphrey, et al. v. Neal, et al.

(Decided June 1, 1923.)

#### Appeal from Trimble Circuit Court.

1. Wills—Disposition of Property Held Not Sufficient Alone to Take Issue of Incapacity to Jury.—Where a testator was a bachelor having no near relatives except a brother and sister, the disposition of his property by a will, giving it to his brother and sister for their lives, and thereafter to be divided among three individuals, one of whom had been brought up in the family of the brother as a foster son, another of whom was a distant relative, who had

lived in decedent's home for a few weeks at one time, and the third of whom was a neighbor, who had become blind, was not alone sufficient evidence of testamentary incapacity to take that issue to the jury.

2. Wills—Opinion of Physician from Observations of Testator Held Sufficient to Take Issue of Incapacity to the Jury.—An opinion by a physician, based on personal observation of testamentary incapacity, is sufficient to require submission of that issue to the jury, though the facts observed by him, which he related to the court, were not alone sufficient to comply with the rule that requires the evidence of incapacity to be of such substance or relative consequence as to carry the quality of proof or induce a belief in its efficacy.

EDWARDS, OGDEN & PEAK for appellants.

EUGENE MOSLEY, CHARLES CARROLL, CLAUDE TERRELL and CHARLES A. CALL for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

William T. Humphrey, a resident of Trimble county, died in October, 1920. Shortly thereafter a paper written by him, dated April 19, 1919, was probated as his will in the Trimble county court. Robert E. Humphrey, a brother, and Ophelia Coffin, a sister, of the decedent, appealed from the order of probate to the Trimble circuit court, contesting the validity of the paper on the ground that at the time it was executed William T. Humphrey did not possess testamentary capacity. At the conclusion of all the evidence on the trial in that court, the jury under a peremptory instruction found the paper to be the last will of William T. Humphrey. On this appeal the only question is, was the court justified under the evidence in directing the jury to return that verdict?

The decedent was 82 years of age at the time of his death. He was a bachelor, and had resided in Trimble county most of his life. His only near relatives were his brother and sister, appellants in this case. He owned the farm on which he resided, but the record does not show its value nor what other property, if any, he owned. The brother and sister were quite old. Next to them the nearest relatives of the deceased were second cousins, who lived in other states, and whom he and appellants had not seen for many years. The paper purports to devise all the estate of the testator to his brother

and sister, in equal parts, during their lives, and provides that, at the death of the survivor, the property shall be sold and the proceeds divided "equally between George Neal, Mary Agnes Rutherford, and Shelby Lynch."

George Neal had been brought up in the home of Robert E. Humphrey, and had been treated as a foster son by the family. He had necessarily been associated with the decedent, and on the whole had been treated kindly by him. However, for a number of years before the paper in contest was executed he had resided in Indiana and had had little contact with his earlier associates. Mary Agnes Rutherford was a distant relative. She had lived in decedent's home for a few weeks at one time, and while there was kind and attentive to him. Shelby Lynch had grown up in the neighborhood, had done some work for Humphrey, and had suffered the misfortune of blindness. Appellants contend that these three persons had no claim on the decedent, and that the devise to them is an evidence of lack of testamentary capacity, in view of the fact that a part of the farm at least had been given to decedent's mother by her brother many years ago, and it was understood in the family that the farm would ultimately be returned to the heirs of their uncle to whose generosity their mother was indebted. These circumstances had some bearing on the question under investigation, but they were not sufficient to take the case to the jury. In our opinion, however, there was sufficient evidence for that purpose, even under the rule announced in Clark v. Young's Executrix, 146 Ky. 377, Brent v. Fleming, 165 Ky. 356, and Jones v. Beckley, 173 Ky. 831, that requires the evidence to be of such substance or relative consequence as to carry the quality of proof or induce belief in its efficacy.

Appellants introduced a physician, who testified that he had frequently visited the decedent during the latter years of his life and about the time that the paper in dispute was drawn. This witness was qualified to speak of the mental capacity of deceased, and he said that, at the time the paper was drawn, the deceased did not have sufficient mind to know his estate, or the natural objects of his bounty and his duty to them, and to dispose of his property according to a fixed purpose of his own.

This testimony is not subject to the criticism that has been made of testimony of this character coming from non-expert witnesses, and in this respect the case is dif-

ferent from Wigginton's Executor v. Wigginton, 194 Ky. 385. It is true that in that case and the later decisions cited in that opinion it is stated that in determining what constitutes some evidence for the jury—a question that must be determined by the court—the quantity and character of the evidence must be such as to induce conviction, and that isolated acts or circumstances not reasonably inducive of the opinion expressed by the witness are not sufficient. This rule is particularly applicable to the testimony of non-experts. But where a witness is an expert, and is qualified to express an opinion and does express one that is unequivocal, even though some of the facts and circumstances upon which it is based may not, in the opinion of the court, induce the belief entertained by the witness, the question is for the jury, unless the testimony of the witness as a whole sustains the view that his opinion is erroneous or is based on incidents or facts not incompatible with a rational mind. Decedent's physician did not relate all of the facts upon which his opinion was based, but he did say in substance that he had frequently seen the decedent, observed his conduct, some incidents pertaining to which he related, and he believed the decedent did not possess mind enough to know his relatives, or the natural objects of his bounty and his duty to them, and to dispose of his estate according to a fixed purpose of his own.

The statements of this witness, with the other evidence introduced by appellants, were in our opinion sufficient to take the case to the jury. It follows that the court erred in giving the peremptory instruction, and for that reason the judgment is reversed.