## Nalty's Administrator v. Franzman's Executor.

(Decided May 17, 1927.)

(Rehearing Denied, with Modification, December 2, 1927.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

1. Wills.—Belief in spiritualism is not evidence of an unsound mind.
2. Wills.—A belief in the doctrines of Mohammed, Confucius, Gautama, Zoroaster, Simon Magnus, or any other doctrine or religion, may not be offered as evidence on question of testamentary capacity.
3. Wills.—Evidence of insane delusions and abnormal beliefs about any religion is competent on question of testamentary capacity.
4. Wills.—Where conduct and actions of person making will were out of harmony with conduct and actions of persons ordinarily considered sane, evidence of such conduct and actions is admissible on question of testator's unsound mind.
5. Wills.—Effect of testimony showing that actions of person making will were out of harmony with actions of persons ordinarily considered sane may be rebutted by showing that such actions were in accord with practices and beliefs of religion to which substan-

tial number of people adhere, and when this is done court should instruct jury that evidence of such actions is not to be taken as establishing such unsoundness of mind as prevents one making will, if jury believed from evidence that such actions are in accord with practices and beliefs of religion adhered to by substantial number of people.

6. Wills.—Contestants of will held entitled to have question whether testatrix, claimed to have insane delusions about religion, had testamentary capacity to make will, submitted to jury under scintilla rule.

WOODWARD, WARFIELD & HOBSON and SQUIRE R. OGDEN for appellants.

B. K. MARSHALL and OTTO EVERBACK for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

This is the second appeal of this case. The first opinion is in 208 Ky. 686, 271 S. W. 1034. The judgment against the will on that appeal was reversed as against the weight of the evidence. On the last trial the verdict was in favor of the will. The only complaint is that the lower court erred in refusing to allow appellants to introduce proof showing that the testatrix had insane delusions about her religion.

Belief in spiritualism is not evidence of an unsound mind. Many sagacious and normal persons believe in spiritualism. It has never been held by this court that a belief in spiritualism is evidence of mental incapacity to make a will. On the other hand, this court has held that the proof of such a belief is not competent on the question of testamentary capacity. Raison v. Raison, 148 Ky. 116, 146 S. W. 400; Crumbaugh v. Owen, 238 Ill. 497, 87 N. E. 312; O'Dell v. Goff, 149 Mich. 152, 112 N. W. 736, 10 L. R. A. (N. S.) 989, 119 Am. St. Rep. 662; Steinkuehler v. Wempner, 169 Ind. 154, 81 N. E. 482, 15 L. R. A. (N. S.) 673. A belief in the doctrines of Mohammed, Confusius, Gautama, Zoroaster, or any other doctrine or religion, may not be offered as evidence on the question of testamentary capacity.

But insane delusions and abnormal beliefs about any religion are competent as evidence on a question of testamentary capacity. A man may be insane about his religion as well as about any other subject. If he believes and practices things in connection with a religion which he accepts and to which a substantial number of people

adhere, which things are contrary to the experiences of a normal human life, and contrary to the practices and beliefs of such religion, such beliefs and practices may be shown as proof of mental incapacity. Insane delusions may, and do, exist about religion, and it would be unsound to hold that, if a man was mentally unbalanced about his religion, such mental state, and his acts, words, and conduct flowing therefrom, might not be proven as evidence on the question of his testamentary capacity. There is a clear distinction between a religious belief and insane delusions. 28 R. C. L. 106.

It may be difficult to separate a religious belief from insane delusions which may grow out of such belief, but the distinction is there. Therefore it is held that proof of religious belief is not competent evidence, but proof of insane delusions about religion is competent evidence, when the mental capacity of a person to make a will is called in question. Where the conduct and actions of a person making a will were out of harmony with the conduct and actions of persons ordinarily considered sane, evidence of such conduct and actions is admissible.

The effect of such testimony may be rebutted, though, by showing that such conduct or actions are in accord with the practices and beliefs of a religion to which a substantial number of people adhere, and when this is done the court should instruct the jury that the evidence of such unusual conduct and actions is not to be taken by the jury as establishing such unsoundness of mind as prevents one making a will, if the jury believe from the evidence that such actions are in accord with the practices and beliefs of a religion adhered to by a substantial number of people.

This court in the former opinion in this case held that a belief in spiritualism is not proof of testamentary incapacity. It does not follow that insane delusions based upon spiritualism are not competent as evidence to establish such lack of testamentary capacity. The evidence which the contestants proposed to offer tended to establish conduct and actions on the part of the testatrix entirely out of harmony with the conduct and actions of persons ordinarily considered sane, and there was no contrary evidence offered to show that such conduct and actions on the part of the testatrix were in accord with the belief and practices of spiritualism.

This being true the evidence which the court declined to allow the contestants to introduce was plainly admissible and, coupled with such additional evidence as contestants offered tending to support their contention, plainly entitled them to have their case submitted to the jury, at least in the absence of any evidence to show that the excluded evidence was not such as accorded with the practices and beliefs of spiritualism. Although the evidence, not only that which was admitted, but also that which was excluded, but should have been admitted, may not have been sufficient to support the verdict, yet under the scintilla rule the contestants were plainly entitled to have their case submitted to the jury.

The judgment is reversed, and the cause remanded for proceedings consistent with this opinion.