## Globe Indemnity Co. v. Daviess.

(Decided Nov. 28, 1933.)

FURLONG & WOODBURY for appellant.

CHARLES W. MORRIS and FRANK GARLOVE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Mrs. Inez Daviess brought this suit against the Globe Indemnity Company to recover on a policy indemnifying her in the sum of $1,000 against loss by burglary, robbery, theft, or larceny of jewelry and other personal property. In the policy schedule—"statements made by the assured"—the company's local agent wrote the words, "No exceptions," after each of the following questions:

"10. The Assured has not sustained any loss or damage nor received nor claimed indemnity for any loss or damage by burglary, theft or robbery at the premises covered hereby or elsewhere, within the last five years, except as herein stated.

"11. No burglary, theft or robbery insurance applied for or carried by the Assured at the premises covered hereby or elsewhere, has ever been declined or cancelled by any Company within the last five years, except as herein stated.

"12. The Assured has no other burglary, theft or robbery insurance, except as herein stated."

Mrs. Daviess testified that upon opening her front door on August 8, 1925, in answer to the bell, a man with a handkerchief over his face stuck a gun in her side and told her to hand over the jewelry she had on, and she did. She immediately notified the police and insurance company. About five months later all the jewelry taken from her, except a diamond ring valued at $1,200, was found by her in a plain envelope in the mail box. According to the local agent he remembered signing a letter asking Mrs. Daviess to read over the typewritten portions of the policy and if there was any error in the answers to any of the questions to please advise in order that they might make corrections, and that the letter and policy and the bill for the premium were attached and were accompanied by an addressed envelope. He also testified that in the usual course of

business after such letter and inclosures were removed from his desk they were posted by one of the clerks in his office. The company denied the loss and also relied on the falsity and materiality of the foregoing answers. At the conclusion of the evidence the court directed the jury to find for Mrs. Daviess. On appeal the judgment was reversed on the ground that, considering all the circumstances, Mrs. Daviess' evidence was not conclusive, but her credibility as a witness was a question for the jury. In the course of the opinion it was also held that, if Mrs. Daviess knew that the schedule contained the statements, she could not recover if the statements were false and fraudulent, or false and material. It was further held that as it was not shown that the letter was stamped and posted the evidence was insufficient to raise the presumption of delivery to the addressee, who denied that she received the letter. On the return of the case, Mrs. Daviess' evidence was substantially the same as on the first trial. The local agent's testimony was supplemented by that of a clerk, who claimed to have remembered placing the local agent's letter with the policy in a stamped envelope addressed to Mrs. Daviess, and to have placed same in the mail. There was also evidence showing that the statements contained in the policy schedule were false and material. By its instructions the court submitted to the jury the question whether plaintiff sustained the loss and the amount thereof, also the question whether the local agent's letter was mailed to and received by plaintiff, and plaintiff failed to give the information; also whether if the answers in the schedule had contained the information that plaintiff had within five years prior thereto claimed a loss under another policy issued by another company, and that such policy had been canceled, the defendant company "acting prudently, normally and in the natural course of business would not have issued said policy," in which event the jury was directed to find for the defendant. From a verdict and judgment in favor of plaintiff for $1,000, this appeal is prosecuted.

The chief ground relied on for reversal is that the court's instructions did not properly present the materiality of the answers to the questions contained in the schedule. It is true, as held in the former opinion, that the materiality of a false answer does not depend on what the particular company would have done, but on

whether acting reasonably in accordance with the usual custom, practice, or usage of other insurance companies writing the same kind of business, it would not have issued the policy, had the truth been disclosed. It is also true that the given instructions did not deal with the usual custom, practice, or usage of other insurance companies writing the same kind of business, but confined the question to what appellant company would have done "acting prudently, normally and in the natural course of business." It may be that appellee would have had the right to complain of the instruction had the jury returned an adverse verdict, but as the instruction required the jury to believe less than was necessary to authorize a verdict in behalf of appellant, it is not perceived how the instruction was prejudicial to appellant.

Clearly the court did not err in submitting to the jury the question whether the local agent's letter was mailed to and received by appellee. Aside from the fact that the credibility of the witness who testified that the letter was stamped and mailed to appellee was for the jury, it must not be overlooked that testimony of that kind is not conclusive. On the contrary, the rule is that such evidence may be rebutted, as was done in this case, by the denial of the addressee that the letter was received. Home Ins. Co. v. Roll, 187 Ky. 31, 218 S. W. 471; Proctor v. Ray, 194 Ky. 746, 240 S. W. 1063.

We find no merit in the contention that appellant was entitled to a peremptory instruction on the ground that the falsity and materiality of the answers to the questions in the schedule were conclusively proved. Not only did appellee introduce evidence tending to show that the answers were not material, but the evidence of appellant's witnesses, in view of their admissions, is by no means conclusive of the question.

Complaint is made of the exclusion of certain evidence; but as there was no avowal as to what the witnesses would have stated, the propriety of the court's ruling is not subject to review.

On the whole we find no error in the record prejudicial to appellant's substantial rights.

Judgment affirmed.