## Cobb v. Farmers & Merchants Bank.

(Decided March 16, 1937.)

J. M. RAYBURN and HENSON & TAYLOR for appellant.

WITHERS & LISMAN for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

The Farmers & Merchants Bank instituted this action in the Webster circuit court against J. T. Cobb. Its suit was based upon a plain promissory note for the sum of $1,267.87, payable three months after June 15, 1935. After setting up the note in its petition and alleging that no part had been paid, it further alleged that said note was executed for a valuable consideration. Appellant by answer made no denial of the execution, but did deny that the note was executed for a valuable consideration, and affirmatively pleaded lack of consideration.

The most serious question raised by counsel for appellant is that appellant had the burden of proof and was entitled to the closing argument before the jury.

Section 525, Civil Code of Practice, provides: "The party holding the affirmative of an issue must produce the evidence to prove it." Section 526 provides: "The burthen of proof in the whole action lies on the party who would be defeated if no evidence were given on either side." Section 317, subsec. 6, is in part as follows: "In the argument, the party having the burthen of proof shall have the conclusion and the adverse party the opening."

The question arises, in the outset, if no evidence had been offered at all from the pleadings as made up, which party would have been entitled to the judgment?

Appellant entered a motion at the beginning of the trial asking for the burden. The court overruled his motion and placed the burden upon the plaintiff, which is appellee here. We think the court was correct in its ruling because of one fact that we find in the pleading. Appellee not only set up his note and alleged that no part of it had been paid, but specifically stated that "said note was executed for a valuable consideration." Had he not made that allegation, the court would have been in error in giving the plaintiff the burden. It is a universal rule of pleading, without exception, that the burden is upon the defendant to establish an affirmative defense. Jenkins v. Jenkins, 3 T. B. Mon. 327; Kentucky Life & Acc. Ins. Co. v. Thompson, 35 S. W. 550, 18 Ky. Law Rep. 79; Whitteker, Adm'r of Miller Holcomb, v. Holcomb, 177 Ky. 790, 198 S. W. 533.

It is also the rule that when the defendant pleads want of consideration, it is his duty to establish same; therefore, the burden is on the defendant. Higdon's Heirs v. Higdon's Devisees, 6 J. J. Marsh, 48; Andrews v. Hayden's Adm'r, 88 Ky. 455, 11 S. W. 428, 10 Ky. Law Rep. 1049; Trustees of Kentucky Female Orphan School v. Fleming, 10 Bush, 234; Kiesewetter v. Kress, 68 S. W. 633, 24 Ky. Law Rep. 405; Clarkson v. White, 3 B. Mon. 376; Ermert v. Dietz, 58 S. W. 442, 22 Ky. Law Rep. 540; Chester v. Day (Ky.) 127 S. W. 794; Whitteker, Adm'r of Miller Holcomb, v. Holcomb, supra.

It may be conceded that under our Statutes and decisions the note sued on by appellant imported a consideration; in fact, it was not necessary for appellee to allege or prove the consideration, but he did so; therefore, the allegation that it made falls under an exception to the general rule, which exception is as follows: "If one declaring on an instrument importing a consideration unnecessarily set out the consideration, he must prove it." Torian et al. v. Caldwell et al., 178 Ky. 509, 199 S. W. 35, 37; Bronston's Adm'r v. Lakes, 135 Ky. 173, 121 S. W. 1021; Mutual Oil Refining Co. v. Clay et al., 206 Ky. 371, 267 S. W. 200;

Coons et al. v. Bank of Commerce et al., 233 Ky. 457,. 26 S. W. (2d) 15.

It is our opinion that the burden was properly placed upon appellee. It follows, therefore, that counsel for appellee, under that exception to the sections of the Code referred to, would have the closing argument.

The point is made that the court committed an error in refusing a peremptory instruction. The issue made by the pleadings was rather simple; the execution of the note in fact was not denied; the consideration was denied. Appellant affirmatively pleaded that when the note was executed by J. T. Cobb, it was without consideration. The evidence is to the effect that prior to the execution of the note sued on, a son of appellant, Jesse Cobb, was indebted to appellee in the sum of $4,000, secured by a mortgage on a tract of land owned by Jesse Cobb. That note had been in arrears for some time. W. H. Ogden, president of the bank, approached Jesse Cobb about its payment, after some arguing and dickering with him, Jesse Cobb agreed to convey to the bank the land covered by the mortgage in settlement of the note referred to. After some delay the deed was made; the note canceled by the bank and the deed duly recorded. When that transaction was made, it is in evidence that Jesse Cobb was indebted to the bank for notes that were not secured, except some of them had been signed by J. T. Cobb, his father, as surety. These notes were later taken up, and added together with interest, aggregating the note sued on, which was signed and executed by appellant and secured by giving the bank as collateral a certificate of ten shares of stock in the Slaughters Mercantile Company, a corporation,. of the par value of $50, being certificate No. 20.

Appellant claimed that at the time the deed was. made by his son, Jesse Cobb, the consideration for the land deeded included the notes his son had executed to the bank, aggregating $1,267.87, and the $4,000 note,. secured by the mortgage referred to. In that way the notes had been fully paid at the time he executed the note for $1,267.87, and gave the collateral referred to; that was the issue to be presented to the jury. The testimony on that question, pro and con, was conflict-

ing and contradictory. Therefore, it would have been error for the court to have directed the jury to find for the defendant. The jury is the sole judge of the facts. Fitzgerald v. Fitzgerald, 201 Ky. 813, 258 S. W. 681; Carter v. Carter, 216 Ky. 732, 288 S. W. 666; Franzman's Ex'rs v. Nalty, 208 Ky. 686, 271 S. W. 1034; Hagedorn et al. v. Scott et al., 228 Ky. 582, 15 S. W. (2d) 479.

Appellant insists that the peremptory instruction should have been given, because the amended answer filed by him, wherein the plea of no consideration was pleaded, was not replied to or denied; therefore, the allegations in said amended answer should have been taken pro confesso. The amended answer contained no facts that could be considered as a defense to appellee's petition further than the denial in the original answer. His amended answer was in effect an affirmative plea of no consideration. As was stated in Hunt's Ex'x v. Mutter and Hunt's Ex'x v. Mutter's Adm'r, 238 Ky. 396, 38 S. W. (2d) 215, 217:

"It is a firmly fixed rule that a verdict will cure defective pleadings unless the substantial rights of the adverse party have been prejudiced. Hill v. Ragland, 114 Ky. 209, 70 S. W. 634, 24 Ky. Law Rep. 1053; Louisville & N. R. Co. v. Mengel Co., 220 Ky. [289] 290, 295 S. W. 183; Thoenis' Adm'x v. Andrews, 231 Ky. 160, 21 S. W. (2d) 250. In Fitzpatrick v. Vincent, 88 S. W. 1073, 28 Ky. Law Rep. 121, it was held that where the parties took proof on the allegation of champerty, pleaded in the answer, to which no reply was filed, and the case was submitted on the merits with the issue treated as having been joined, the judgment would not be reversed on account of failure to file a reply. To the same effect is Glens Falls Ins. Co. v. Elliott, 223 Ky. 205, 3 S. W. (2d) 219. As in Forsythe v. Reproat, 234 Ky. 173, 27 S. W. (2d) 695, the case was tried and submitted to a jury on the only issue involved and that was set up in the petition and denied by the answer. It must be held sufficient."

Counsel further contends that the instructions of the court did not fully present his defense to the jury. We do not think there is any merit in that contention.

The instruction given by the court is in words and figures as follows:

> "If you shall believe from the evidence that the defendant, J. T. Cobb, executed the note mentioned in the evidence for the sum of $1,267.87, or that he was surety for his son, Jesse Cobb, on several notes aggregating that amount, you will find your verdict for the plaintiff, unless you shall believe from the evidence that the said bank agreed with the said Jesse Cobb that it would surrender said note or the several said notes aggregating the amount thereof to the said Jesse Cobb in consideration of his conveying to it the farm mentioned in the evidence, in which event you should find for the defendant."

This instruction was stronger than the evidence authorized in behalf of appellant. The instruction submitted the question as to the execution of the note when that fact was undenied, which was an advantage to appellant. We think the instruction fairly submitted the issues made by appellant's pleadings.

It is true that J. T. Cobb signed some of the notes that were taken up by this note as surety and the money paid by Jesse Cobb and not by J. T. Cobb. Still, J. T. Cobb executed his individual note to the bank, after the deed referred to had been made and the $4,000 note mailed to Jesse Cobb. When appellant obligated himself to pay the $1,267.87, he became the principal for the payment of these notes by the execution of the note sued on, which was a sufficient consideration. Therefore we are of the opinion that the issues were fairly presented by the instruction and that the instruction offered by appellant was properly refused. On the whole case, we find no error that affects the substantial rights of appellant. See section 134, Civil Code of Practice.

Judgment affirmed.