## Cool v. Blackburn.

Sept. 29, 1942.

J. E. 'Childers for appellant.

E. J. Picklesimer for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellant, J. L. Cool, became the owner of a tract of land on Elswick Fork of Lick Creek in Pike County on the 4th of June, 1918. On the 15th day of the same month he conveyed a small part of this tract (some 20 acres) to Dasha Senters, retaining the merchantable timber thereon through the following reservation in the deed:

"The said J. L. Cool retains all the merchantable timber on said tract or parcel of land with the right to cut and remove same at any time so as not to damage any growing crops; also the said Dasha Senters, party of the second part, is to have the privilege of clearing any of said tract of land and if said second party cuts any merchantable timber the said party of the first part is to have the right to remove same."

The Senters tract came into the possession of the appellee, A. J. Blackburn, in 1933. In December, 1939, Cool instituted this proceeding against Blackburn, wherein he sought to quiet his title and prevent Blackburn from removing certain timber from his land. The record shows that Blackburn had cut a small number of trees, worth approximately $35 to $40, prior to the time Cool filed his action.

Shortly after Cool made the conveyance to Dasha Senters, he began cutting the saw log timber from the whole tract. Persons who assisted him in this enterprise said that some 600 to 700 trees were cut and removed as saw logs. There was proof to the effect that the size of the trees left after the land was cut over ranged from 15 to 18 inches in diameter. Cool said that he took all

of the timber he wanted at that time. Subsequently, a few telephone poles were cut from the tract and Cool removed some timber which the Senterses had cut when they cleared some of their land. It seems also that the Senterses cut a small amount of timber later on to which Cool made no claim. There was proof for Blackburn that the only merchantable timber on the land in 1918 was saw log timber, and that Cool took all of it off when he first logged it. Cool offered some testimony, in addition to his own, to the effect that he did not remove all of the saw log timber at that time, though, as we have indicated, he said that he took all he wanted and also that a number of trees were left which were suitable for crosstie purposes. It is beyond dispute that there are now trees on the property owned by Blackburn which are suitable for crosstie purposes; but we think the record shows conclusively that in 1918 the term "merchantable timber" in the section where the land in question is located meant "saw log timber." Furthermore, we are convinced from our examination of the record that all of the timber of this type was removed by Cool in his 1918 logging enterprise.

The merchantable timber reserved by Cool when he conveyed the 20 acre tract to Senters meant the timber which was then merchantable and did not include timber which by growth or changed conditions would become merchantable. Polley v. Ford, 190 Ky. 579, 227 S. W. 1007. Since we have reached the conclusion just indicated, it is unnecessary to discuss the question vigorously disputed by the parties as to whether Cool had only a reasonable time to remove the timber after his conveyance to Senters, or whether he had an unlimited time to remove it.

It follows that it is our view that the judgment denying Cool the relief sought should be and it is affirmed.