## COMBS et al. v. WOOTON et al.

Court of Appeals of Kentucky.

May 18, 1951.

Barney W. Baker, Hazard, for appellants.

Don Ward, D. B. Wooton, Hazard, for appellees.

MOREMEN, Justice.

On May 15, 1948, Harold B. Morgan filed application in the Perry county court in which he requested the probation of a purported will of his mother, Mary Morgan, who died May 8, 1936, and left surviving her husband, D. D. Morgan, her son, Harold B. Morgan, and four children by a former marriage, namely, Flora Combs, Jesse Morgan, Charlie Morgan, and Debbie Smith. An answer was filed by these four children in which they denied that the proferred instrument was the will of Mary Morgan, and further pleaded that it should not be probated because it was barred by the statute of limitations. The will was admitted to probate. Contestants prosecuted an appeal to the circuit court by filing therein a certified copy of the proceedings had and papers filed in the county court. No formal petition setting out the reasons upon which contestants based their belief that the

will should not have been probated was filed. Contestants were content to file only the record had in the county court and no statement of any nature setting forth the basis of their contention accompanied the record. Certain actions which had previously been litigated concerning various interests in property which had belonged to the decedent were consolidated with the instant action but since they do not affect the decision in the case, this phase of the case will not be discussed. The case was tried before a jury in the circuit court and this verdict was returned: "We the jury do agree and find the will to be a true will and was executed in good faith." The contestants moved that the court enter a judgment declaring the instrument propounded not to be the last will of Mary Morgan notwithstanding the verdict, which motion was overruled. Judgment was entered ordering that the contestants' appeal to the circuit court be dismissed.

Appellants contend that under Sec. 126 of the Civil Code all affirmative allegations of a pleading not denied should be taken as confessed and since appellees filed no reply in the county court to appellants' answer to the application for probation, appellants were entitled to a judgment on the pleadings under Sec. 386 of the Code.

Appellees point out that the original application in the county court stated that the proponent of the will, Harold B. Morgan, was 27 years of age at the time he made application to the county court and since the statute of limitations did not begin to run until he was 21 years of age, the probation was in time.

The Kentucky Statutes pertaining to appeals to the circuit court in will cases do not specifically, or in detail, describe the form and procedure necessary to perfect such an appeal, therefore it has been necessary for this court to discuss it on a number of occasions. In the case of Williams v. Williams, 90 Ky. 28, 13 S.W. 250, 251, the court said: " * * * an appeal may be taken by filing a transcript of the county court proceedings with the circuit court clerk, and suing (sic) out summons, yet the latter

case does not decide that such a mode is exclusive. The Jones Case, [Jones v. Jones, 3 Metc. 266], in fact, decides otherwise, and the other case above cited is not in conflict with it. As the statute does not prescribe what shall be done to take the appeal, it is sufficient if it be made to appear, by the filing of either a transcript or a statement, who the parties appellant and appellee are, and that a certain judgment was rendered by the county court at a certain time, from which the appellants desire to appeal. Technical strictness should not be required. Form is only to be observed so far as it is necessary to the desired end. The motion to dismiss the appeal was properly overruled."

In discussing this situation in the case of Gibson v. Crawford, 259 Ky. 708, 83 S.W.2d 1, 4, it was written:

"In Tinker v. Ringo et al., 11 S.W. 605, 606, 11 Ky.Law Rep. 120, the appellant's procedure was questioned, and we said of it: 'While no specific mode is prescribed in the Civil Code by which the right to prosecute such appeal may be determined, we think it was not irregular for him to file a statement, to which, as a matter of course, it was competent for the propounders to file an answer.'

"The procedure was questioned in Pryor v. Mizner, 79 Ky. 232, and we said: 'Filing a transcript of the proceedings in the county court with the clerk of the circuit court, and having summons issued, is all that is required. No supersedeas or bond for costs is required either in the circuit court or this court, and the executor having brought all the parties in interest before the circuit court, and presented a transcript of the record from the county court, has done everything necessary to enable him to be heard in that court. The statute in regard to wills and appeals in such cases fails to designate any particular mode or form for prosecuting the appeal, and therefore the mode adopted by or practice sanctioned for many years will not now be disregarded. Appeals are taken in such cases to the circuit court as appeals are taken to this court, by filing a transcript of the proceedings and having summons issued.' "

See also Davis Ex'r. v. Laughlin, 280 Ky. 422, 133 S.W.2d 544.

In the case of Gailor v. Chisholm, 292 Ky. 400, 166 S.W.2d 281, the court said:

"The appellants, as collateral heirs of testator, appealed from the judgment of probate to the Taylor circuit court, where the jury under directions of the court returned a verdict finding the testamentary papers to be the last will and testament of the testator, and from that judgment appellants and contestants below prosecute this appeal.

"The statement filed by appellants in the Taylor circuit court, upon taking the appeal from the county court, relied on no specific grounds of contest, but only stated that the judgment of that court 'should be set aside and held for nought', because both the alleged will and the codicil 'were not the last will and testament of the decedent James Gailor', which general allegation entitled contestants to rely upon any ground justifying a court to set them aside. However, upon the trial appellants introduced no evidence to sustain any ground of contest other than mental incapacity of the testator and undue influence exercised on him by his only two devisees."

■■■ It is plain from the foregoing quotations that this court has always treated procedural matters in connection with appeal with great liberality and that strict compliance with provisions of the Civil Code that deal with actions in the circuit court has not been required and any statement or petition filed by the person appealing from the order of the county court, or even a bare filing of a transcript of the proceeding in the circuit court, has been adjudged sufficient. In most of the cases above quoted, however, the appellant filed some statement setting forth the ground of his complaint concerning the action of the county court. This court, having permitted the appellant broad latitude concerning the kind, type, and method of appeal which he might select, will not hold the appellee to the strict compliance with all technical procedures applicable in the ordinary case that originates in the circuit court. When a party appeals under the terms of Sec. 724 of the Civil Code and under Chapter 394 of the Kentucky Revised Statutes by filing a certified copy of the judgment or the transcript of the proceedings in the county court without accompanying it with a statement concerning the nature of the issues he wishes to be tried in the circuit court, only one issue is presented to that court, to wit: Is this the last will of the testator? If the appellant desires to present other questions to the court, he should do so by a formal statement or petition. In the absence of specific allegations of error in the circuit court, neither party will be confined by strict rules of pleading. We, therefore, conclude that appellants' motion for a judgment notwithstanding the verdict was properly overruled by the court.

■■■ Appellants also contend that the verdict is not supported by sufficient evidence and attack the testimony given by D. D. Morgan on the grounds that he was too uncertain in his statements and qualified them by words such as "I reckon," "I think," "I believe," and "I guess." In the case of Collier v. Commonwealth, 303 Ky. 670, 198 S.W.2d 974, 975, it was said: "It has been written that such expressions as 'I thought,' 'I suppose,' and 'I believe,' do not always indicate a conjecture or guess at the facts, but that such expressions are often an idiomatic or colloquial way of stating a fact according to the best judgment of the witness."

It is equally true that such words are sometimes used to express their exact meaning and for the purpose of conveying the idea that the witness is not sure of the facts, but a careful consideration of all the testimony given by Mr. Morgan leads us to believe that he was using these words in a colloquial manner. Colloquial speech is often as correct and convincing as formal speech. Ample evidence was given by him, alone, upon which the jury might have properly based its verdict.

Wherefore the judgment is affirmed.