**E. M. MOORE and William Hicks, Appellants,**

v.

**KNOTT COUNTY and Hiram Gibson et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 17, 1954.

Cordell H. Martin, Hindman, D. G. Boleyn, Hazard, for appellant.

Clark Pratt Hindman, for appellee.

MOREMEN, Justice.

Appellants, E. M. Moore and William Hicks, have moved for an appeal from a judgment in favor of appellees, Hiram Gibson et al., in the sum of $1,000.

John P. Gibson, who was the father of nineteen children, owned a boundary of land in Knott County and, on March 12, 1915, he conveyed by deed to five of his children this parcel of land. The deed contained this phrase: "It is understood that the parties of the first part excepts the timber growing on this land from 15 inches up." By proper legal processes the title to this tract of land became vested in one of the appellants and, in 1942 or 1943, appellants removed some timber.

The appellees, who are heirs of the original grantor, John P. Gibson, filed a petition in which they claimed damages to the extent of the value of all the trees removed. Appellants, by answer, denied the trespass and conversion and claimed all the timber.

After much proof was taken and the case submitted to the court, it was adjudged that one of the appellants, E. M. Moore, was owner of the land except timber thereon 15 inches in diameter and upwards. The rule the court used for the assessment of damages indicates that it treated the exclusion clause to mean that Moore was owner of trees which were 15 inches in diameter at the time they were removed. Thus, in effect, it held that the clause not only excluded trees which were 15 inches in diameter at the time of the delivery of the original deed, but also trees which by growth had reached 15 inches or more by the time they were removed 27 years later.

The question for decision is therefore narrow and concerns whether or not such an exclusion refers only to trees which had reached 15 inches in diameter at the time of the delivery of the deed.

■ We believe the chancellor's conclusion was incorrect. In Cool v. Blackburn, 291 Ky. 393, 164 S.W.2d 946, a similar case, we held that a vendor's reservation of "merchantable timber" in a deed meant timber which was then merchantable and did not include timber which by growth or changed conditions became merchantable thereafter. See also Polley v. Ford, 190 Ky. 579, 227 S.W. 1007.

■ Appellees contend that appellants made no attempt to prove that the timber had grown since 1915, and further, that the issue was not raised at all in the trial court. A reading of the testimony will disclose that this matter was at issue during the trial and was so treated by the parties and by the chancellor since he made a definite finding on that particular question. Under such conditions, this court will treat the issue in a like manner. Cobb v. Farmers & Merchants Bank, 267 Ky. 744, 103 S.W.2d 264, and cases cited therein.

Upon a return of this case to the trial court, it is suggested that the issues be repleaded and more specific proof introduced concerning the size of the trees in 1915.

For the reasons given, the motion for an appeal is sustained, the judgment is reversed and the case remanded for proceedings not inconsistent with this opinion.