STATE FARM MUTUAL AUTOMOBILE IN-
SURANCE COMPANY, Appellant,

v.

Mary Duffy MARTIN et al., Appellees.

Court of Appeals of Kentucky.

June 26, 1964.

As Modified on Denial of Rehearing
Oct. 2, 1964.

Edward J. Hogan, Louisville, for appellant.

Herschel Wooldridge, Louisville, for appellee Mary Duffy Martin.

Raymond C. Stephenson, Louisville, for appellee Booker Wright.

MONTGOMERY, Judge.

Appellee Booker Wright recovered judgment for $400 against appellee Mary Duffy Martin as damages arising from an auto accident. By third party complaint, appellee Martin sued State Farm Mutual Automobile Insurance Company, her alleged insurance carrier, to recover for the judgment awarded against her, plus an attorney fee of $500. On a trial without a jury, judgment was rendered against appellant in the sums sought. Appellant's motion for an appeal was sustained.

Appellant asserts that the policy issued was canceled because of a "material" misrepresentation. The case turned on the single issue of fact as to whether appellee Martin had received a letter of cancellation or had knowledge of cancellation of an insurance policy issued to her and Grover W. Skaggs by another insurance company.

On March 11, 1961, appellee Martin purchased an automobile liability insurance policy from an agent of the appellant. She made the initial payment of $13. On the next day her car was involved in an accident with one owned by appellee Wright.

Wright sued. Appellee Martin duly notified appellant, who immediately undertook to defend her according to the terms of the policy. The defense included the filing of an answer denying liability and attendance at the taking of appellee Martin's deposition by counsel for appellee Wright.

On June 15, 1961, appellee Martin received a letter from appellant, informing her that her policy had been rescinded as of its date of application. The assigned reason for cancellation was that she had answered "No" to the following question: "Has any insurer cancelled or refused to issue or renew, or given notice that it intends to cancel or refuse automobile insurance or any other insurance similar to that applied for, to the applicant or any member of his household within the past three years?"

Appellant claims that this constituted a material misrepresentation under KRS 304.-656, since automobile insurance coverage had in fact been terminated by another insurance company. KRS 304.656 is as follows:

"All statements or descriptions in any application for an insurance policy or in negotiations therefor, by or in behalf of the insured, shall be deemed to be representations and not warranties. Misrepresentations, unless material or fraudulent, shall not prevent a recovery on the policy."

An employee of the Michigan Mutual Liability Insurance Company testified for appellant that he had not been able to produce any policy that had been issued to Mary D. Martin or to her son, Grover W. Skaggs, in 1959, but that he had a record that Policy No. 11–3–660523 issued to "Mary D. Martin and/or Grover Skaggs" had been canceled on November 5, 1959, by unregistered mail. He said that the file containing the policy had been lost.

Appellee Martin and her son, Grover W. Skaggs, admitted having had the prior policy of insurance but denied having received any notice of cancellation or having had any knowledge of cancellation. They said that the policy had lapsed for nonpayment of an installment on the premium.

The trial judge found as a fact that the testimony of the employe of Michigan Mutual (unsupported by substantial documen-

tation) that the notice of cancellation had been mailed was rebutted by the testimony of Mrs. Martin and her son that they had not received any notice. See Globe Indemnity Company v. Daviess, 251 Ky. 442, 65 S.W.2d 456. In substance the judge found that the notice had not been mailed; ergo, there had been no cancellation. There having been no cancellation of the Michigan Mutual policy, there was no misrepresentation in the application for the State Farm policy.

Judgment affirmed.