Chief Justice Robertson
delivered the Opinion of the Court.
Two points of practice are presented in this case for con-deration.
First. Should this court notice a bill of exceptions purporting to have been taken after the trial, but during the same term, and which, using the present tense, “ ex-¿epts, ” does not expressly siiew that the exception was made at the proper time 9
Second. If the circuit court refuse to permit a competent witness to be examined, should the judgment be reversed for that cause alone, unless it shall appear that the witness was offered to prove something pertinent to the issue ?
First. Such an exception'as that which has been stated is certainly irregular ; and it would be more proper, when a bill of exceptions is signed after the trial, to state in it, in some clear or express mode, that the exception had been taken at the proper time. But, as the defendant in error made no objection to the bill of exceptions, this court may infer that the exception had, in fact, been made at the proper time, and that the right to make out a bill of exceptions during the term had been reserved, and *152 this deduction is fortified by the presumption that the circuit judge would not have signed "a bill of exceptions respecting a decision which had not been excepted to, but had been acquiesced in.
SeconcL - Nor do we think that a party is bound to announce the fact which he intends to prove by a witness, before he shall have a right to swear and examine him.
Wherefore, as it does not appear in this case that the exception was not actually taken at the proper time ; and, as it does not appear that the rejected witness, who was competent, was offered for the purpose of proving an immaterial fact, the judgment of the circuit court should be reversed, for error in refusing to permit the witness to be examined.
Judgment reversed, and cause remanded for a new trial.