CASE 52—PROSECUTION AGAINST PETE MOSS FOR CAR-
NALLY KNOWING A WOMAN UNDER SIXTEEN
YEARS OF AGE.—May 24, 1910.

## Moss v. Commonwealth.

Appeal from Graves Circuit Court.

R. J. Bugg, Circuit Judge.

Defendant convicted, and appeals.—Reversed.

1. Criminal Law—Continuance—Absence of Witnesses.—Where,
in a prosecution for carnally knowing a female under 16
years of age, defendant claimed that she was over 16 years
of age at the time, and that she appeared and looked as much
like a woman when the act was committed as she did at the
time of the trial, the court erred in refusing a continuance
because of the absence of witnesses by whom defendant ex-
pected to prove that prosecutrix at the time of the trial was
21, and that she was over 16 when the alleged offense was
committed.

2. Indictment and Information—Carnal Knowledge—Use of
Word "Unlawfully."—Ky. St. section 1155, provides that who-
ever shall "unlawfully" carnally know a female under 16
shall be confined, etc. Held, that the word "unlawfully" was
inserted to exempt carnal knowledge of a woman under 16
where the parties were husband and wife, and that, though
an indictment under such section must charge that the in-
tercourse was unlawful, it was not necessary that the word
"unlawful" should be used in the accusatory part thereof.

3. Rape—Carnal Knowledge—Unlawful Intercourse—Instruc-
tions.—Where, in a prosecution for unlawfully carnally
knowing a female under 16 in violation of Ky. St. section
1155, accused admitted that at the time he had carnal knowl-
edge of prosecutrix he was married to another woman, the
failure of the court to use the word "unlawfully" in its in-
structions was not error, since any intercourse between de-
fendant and prosecutrix was unlawful.

WEBB & WEAKS for appellant.

JAS. BREATHITT attorney general and TOM B. McGREGOR assistant attorney general· for Commonwealth.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

Under an indictment charging him with carnally knowing a female under the age of 16 years the appellant, Moss, was convicted. He asks a reversal of the judgment for alleged errors committed by the court in failing to grant a continuance, in admitting incompetent evidence, and in misinstructing the jury.

The indictment was returned in March, 1909. Upon this indictment a bench warrant was issued and executed upon the accused, who gave bond for his appearance to answer the charge. At the July and November, 1909, terms of the court the case was continued, and at the March, 1910, term an order was made setting the case down for hearing on March 16th. When the case was called for trial on the 16th, the defendant, who was out on bail, failed to answer, and a bench warrant was issued, under which he was arrested and placed in jail on the 25th of March. It is shown by the orders of court that on March 25th the case was by agreement set for trial on April 8th. When the case was called for trial on April 8th, the defendant filed an affidavit for a continuance, on account· of the absence of George Milligan, George Jackson, Frank Miller, and Cora Miller. The affidavit stated that the appellant could prove by the absent witnesses that Audrey Ray, the prosecuting witness, was at least 21 years old, and was over 16 years at the time Moss was accused of having carnal knowledge of ·her body, and, further, that she appeared as large and looked as much like a woman in 1906 as she did in 1910. He further stated in the affi-

davit that he was arrested on March 25th, 1910, and placed in jail, and had no opportunity to prepare his case, and was unable to procure counsel until March 28, 1910; that on the 28th of March, 1910, he took out a subpoena for the absent witnesses, and placed it in the hands of the sheriff of Graves county, who failed to execute it because Milligan was a resident of the state of Tennessee, Frank Miller and Cora Miller residents of Marshall county, Ky., and George Jackson confined to his home with sickness. He further averred that if a continuance was granted he could secure the presence of Milligan to testify on the next trial of the case, and also the attendance of Jackson and the Millers; that he did not know that the Millers did not live in Graves county until April 8, 1910. Upon the commonwealth's objection, a continuance was refused, and the affidavit was not read as the evidence of the absent witnesses on the trial.

It is earnestly insisted that, as the chief defense relied on was that the prosecuting witness was over 16 years of age at the time the accused had intercourse with her, the testimony of these absent witnesses was very material, and a continuance should have been granted to enable the accused to obtain their evidence. The prosecuting witness testified that she would be 17 years old in November, 1910, and that the defendant had intercourse with her when she was between 13 and 14 years old, and as a result thereof a child was born. Her father also testified that the prosecutrix was born in 1893, which would make her age about 14 years when the alleged carnal intercourse took place. The accused admitted that he had criminal intercourse with her in 1906, about the time that the prosecutrix says he did; but he said she was then about 18 years old, and that she told him

she had been intimate with other men. He also testified that he was the father of her child, and that he was a married man at the time he had intercourse with this girl. The only material issue in the case was the age of the prosecutrix, and we think the accused under the circumstances disclosed by the record, was entitled to a continuance to secure the evidence of the absent witnesses.

The act of March, 1906, which is now section 1155 of the Kentucky Statutes, reads: "Whoever shall unlawfully carnally know a female under the age of sixteen years, or an idiot, shall be confined in the penitentiary for not less than ten nor more than twenty years." In the statute the word "unlawfully" is omitted. It was not in the section before it was amended by the act of 1906; but the old section fixed the age of consent at 12, in place of 16 years. As it would not be unlawful to have carnal knowledge of a female under the age of 16 years if the parties were man and wife, it is manifest that when the age of consent was raised to 16 the word "unlawfully" was inserted to provide for a state of case in which the parties were husband and wife, although the woman was under 16 years. But it is necessary that an indictment under this statute should charge that the intercourse was unlawful. This the indictment did, and so it was sufficient, although the word "unlawful" was not in the accusatory part.

In the instructions given, the word "unlawfully" is not used, but the omission of this word in this case was wholly immaterial, as the defendant admitted that at the time he had the carnal knowledge with the prosecutrix he was married to another woman. This being true, his carnal knowledge was necessarily

unlawful, and the failure to use the word "unlaw-fully" in the·instruction was manifestly·not error.

For the error in refusing a continuance, the judg-ment must be reversed; and it is so ordered.

CASE 53.—CONSOLIDATED ACTIONS BY P. J. MILLETT AND
          E. E. DUFFIELD AGAINST T. J. SWIFT.—May 19,
          1910.