## Fuson v. Commonwealth.

(Decided October 16, 1925.)

### Appeal from Bell Circuit Court.

1. Indictment and Information—Allegation that Defendant and Prose-cutrix were Not Husband and Wife Held Uunecessary.—Indict-ment in language of Ky. Stats., section 1158, for unlawfully de-taining a woman against her will, is sufficient, and allegation that defendant and prosecutrix were not husband and wife is unneces-sary.

2. Abduction—Instructions Need Not Refer to Necessity that Ac-cused and Prosecutrix be Not Husband and Wife were Not Re-lied on as Defense.—It being unnecessary to allege, in indictment for detaining a woman against her will, that defendant and prose-cutrix were not husband and wife, instructions need not refer thereto in defining offense, unless relied on as defense.

3. Abduction—Conviction Based on Testimony of Prosecutrix Much Older than Defendant Held Not Flagrantly Against Evidence.— Conviction of detaining a woman against her will on testimony of prosecutrix and her grandson, contradicted only by defendant's testimony, held not flagrantly against evidence, as based on evi-dence so improbable as to be without probative force, because prosecutrix was much older than defendant.

4. Criminal Law—Refusal of New Trial for Newly Discovered Evi-dence, Merely Impeaching Prosecutrix's Character, Not Error.— Refusal of new trial, after conviction of detaining a woman against her will, for newly discovered evidence merely impeaching prose-cutrix's character for morality, truth, and veracity held not error.

D. M. BINGHAM and M. G. COLSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE— Affirming.

Appellant was convicted of unlawfully detaining a woman against her will, as denounced and defined by sec-tion 1158 of the statutes.

His first insistence for reversal of the judgment is that the court erred in overruling his demurrer to the indictment. The indictment follows the language of the statute, and we have held in numerous cases that this is all that is necessary in charging one with the commission of this offense. Higgins v. Commonwealth, 94 Ky. 54, 21 S. W. 231; McKey v. Commonwealth, 145 Ky. 450, 140 S. W. 658; Stark v. Commonwealth, 169 Ky. 539, 184

S. W. 875; Gravitt v. Commonwealth, 184 Ky. 429, 212 S. W. 430. In the last named case the court said:

> "The crime, which the indictment accused the appellant of, is a statutory one, and is described by the statute, and usually an indictment for a statutory offense, which follows the language of the statute, is sufficient, and such is the case with reference to the crime denounced by section 1158."

The only criticism of the indictment in this case is its failure to allege that the defendant and prosecutrix were not husband and wife, which is not necessary under the rule of the above cases, since not done by the statute in defining the offense. It is true that such an allegation was contained in the indictment in some of the cases, *supra*, although it does not seem to have been contained in some of the others. However, the precise question was considered in Commonwealth v. Landis, 129 Ky. 445, 112 S. W. 581, with reference to the crime of carnally knowing a female under sixteen years old as denounced by section 1155 of the statutes, and it was there held that it was not necessary to allege that the prosecutrix was not the wife of the defendant. There could be no more necessity for such an allegation in the one case than in the other, and we therefore conclude there is no merit in this contention.

This also disposes of a like criticism of the instructions, which followed the language of the indictment in defining the offense, since, if it was unnecessary to allege in the indictment that the accused and prosecutrix were not husband and wife, it was not necessary to refer thereto in the instructions unless relied on by the defendant as a defense, which was not done.

It is also insisted that the verdict is flagrantly against the evidence, but only upon the ground that, because the prosecutrix is much older than the defendant, her evidence, as well as that of her grandson, is so improbable as to be without probative force. To this, however, we cannot agree. The charge in the indictment was fully sustained by the testimony of these two witnesses, which is contradicted only by the evidence of the defendant, and we cannot, therefore, say that the verdict of the jury is flagrantly against the evidence.

The only other contention is that the court erred in refusing a new trial upon the ground of newly discovered evidence. In this there is no merit whatever, since the

only effect or purpose of the alleged newly discovered evidence is to impeach the character of the prosecutrix for morality and truth and veracity.

Judgment affirmed.