## Robertson v. Commonwealth.

(Decided June 22, 1937.)

318

WILLIAMS & DENNEY and ROBERT B. BIRD for appellant.

HUBERT MEREDITH, Attorney General, and J. M. CAMPBELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Willie Robertson and Charlie Parker were jointly indicted for unlawfully and maliciously assaulting Otis Bond with an intent to rob him, a crime defined by section 1160 of the Kentucky Statutes. On his separate trial Willie Robertson was convicted and his punishment fixed at confinement in the penitentiary for twenty-one years. He urges as grounds for reversal (1) that his demurrer to the indictment should have been sustained; (2) irregularities in impaneling the jury; (3) the verdict is flagrantly against the evidence; (4) errors in the admission and rejection of evidence; (4) errors the court erred in refusing to require the commonwealth's attorney to testify when called as a witness by the defendant.

In the accusatory part of the indictment the defendants were accused ''of the crime of unlawfully and maliciously assaulting another with an offensive weapon or instrument with an intent to rob or commit a robbery upon such person.'' In the descriptive part the words ''unlawfully, maliciously and feloniously'' are used. It is insisted that the word ''feloniously'' should have been used in the accusatory part of the indictment, and Hocker v. Commonwealth (Ky.) 111 S. W. 676, 33 Ky. Law Rep. 944, Kaelin v. Commonwealth, 84 Ky. 354, 1 S. W. 594, 8 Ky. Law Rep. 293, and Biggs v. Commonwealth, 245 Ky. 250, 53 S. W. (2d) 535, are cited, but in two of those cases the indictment was for murder and the word ''feloniously'' nowhere appeared. The accusatory part of the indictment merely charged the defendant with the crime of murder, but in setting forth the constituent elements of the crime in the descriptive part the word ''feloniously'' was omitted and it was held that this was error.

In the Biggs Case the indictment was for grand larceny, and it was held that the word ''feloniously'' should have been used in the descriptive part, grand larceny being a common-law offense. As pointed out in those and many other cases, where a statute fixes a penalty for a common-law offense, the indictment must set out the constituent elements of the offense, but where the offense is a statutory one and is described by the statute an indictment which follows substantially the language of the statute is sufficient. Gravitt v. Commonwealth, 184 Ky. 429, 212 S. W. 430; Fuson v. Commonwealth, 210 Ky. 573, 276 S. W. 512; McGeorge v. Commonwealth, 237 Ky. 358, 35 S. W. (2d) 530;

Commonwealth v. Fain, 248 Ky. 383, 58 S. W. (2d) 642. The accusatory part of an indictment for a statutory offense is sufficient if it designates the offense by a brief general description in the language of the statute. Allen v. Commonwealth, 178 Ky. 250, 198 S. W. 896; Commonwealth v. Schatzman, 118 Ky. 624, 82 S. W. 238, 26 Ky. Law Rep. 508.

The crime for which appellant was indicted is a statutory one and the word "feloniously" does not appear in the statute. Section 1160 of the Statutes reads:

> "If any person, with an offensive weapon or instrument, shall unlawfully and maliciously assault, or in or by any forcible and violent manner, demand any money, goods or chattels, bond, bill, deed or will, or other evidences of right, or other thing of value of or from any other person, with an intent to rob or commit a robbery upon such person, he shall be guilty of a felony and upon conviction shall be punished by confinement in the State Penitentiary for twenty-one years or for life, or by death, in the discretion of the jury."

It will be noted that the accusatory part of the indictment in designating the offense follows the language of the statute literally. In Howerton v. Commonwealth, 129 Ky. 482, 112 S. W. 606, 607, 33 Ky. Law Rep. 1008, the defendant was convicted of a statutory felony. The indictment failed to charge either in the accusatory or descriptive part that the crime was committed feloniously or with a felonious intent, and this was urged as a ground for reversal of the judgment. In disposing of the question, the court said:

> "The objection is without merit. The crime charged is purely statutory, and being defined by the statute, and the language of the statute followed by the indictment, an allegation of felonious intent was not essential. In respect to crimes that are felonious under the common law, the indictment, to be sufficient, must charge their commission feloniously or with a felonious intent, but the rule is different where the crime is purely statutory, and is defined by the statute itself. In such case the indictment is sufficient if it follows the language of the statute without the use of the term 'feloniously' or the words 'felonious intent.' "

To the same effect are Wyrick v. Commonwealth, 246 Ky. 127, 54 S. W. (2d) 629; Bates v. Commonwealth, 226 Ky. 318, 10 S. W. (2d) 1099; Gregory v. Commonwealth, 187 Ky. 188, 218 S. W. 999; Commonwealth v. Tanner, 5 Bush, 316.

In Moss v. Commonwealth, 138 Ky. 404, 128 S. W. 296, 297, the defendant was convicted of a crime defined by the statute then in force as "unlawfully carnally knowing a female under the age of sixteen years." It was held that an indictment under the statute must charge that the intercourse was unlawful. The indictment did this in the descriptive part and it was held that this was sufficient although the word "unlawful" was not in the accusatory part.

Complaint is made of the manner in which the jury was selected. Section 2264 of the Kentucky Statutes provides that on the day the jury shall be summoned to attend court, the panel shall be called, and the names of such as attend, and are not excused by the court, shall be entered of record. Those whose names are so recorded constitute the regular panel. Section 2265 of the Statutes reads:

> "The clerk shall write the names of jurors entered of record on separate slips of paper, as near the same size and appearance as may be, and when a jury is wanted for the trial of a case the same shall be drawn from a box after the papers shall have been deposited therein and well mixed. The clerk shall provide and keep for that purpose a suitable box with a sliding lid."

In criminal cases the clerk is required to draw from the box twelve names who shall compose the jury to try the cause, unless some one or all of them shall be challenged, in which case the clerk shall draw from the box as many more as may be required and as often as required, until a jury be obtained or the whole panel be exhausted. Section 2266, Kentucky Statutes. If, in any criminal cause, the panel shall be exhausted by challenge, the judge may supply such jurors by drawing from the drum or wheel, or may direct the sheriff to summon for the trial of that cause any number of bystanders or persons to fill such vacancies. Section 2247, Ky. Statutes. In making up the jury in the instant case, the panel was exhausted after ten jurors had been accepted by both sides. The trial judge then

drew twelve names from the jury wheel and directed the sheriff to summon the jurors whose names had been drawn. Two of these jurors appeared after they had been summoned and they were called to the jury box and counsel were directed by the court to proceed to examine them for qualification for jury service. The appellant objected to this procedure and insisted that the court should wait until all of the jurors whose names had been drawn from the wheel had been summoned and had arrived in court, and that their names be placed in the box by the clerk and then drawn therefrom in the manner prescribed by section 2265 of the Statutes. The appellant's motion was overruled and it is insisted that this was error.

Appellant relies upon Williams v. Commonwealth, 254 Ky. 277, 71 S. W. (2d) 626, and other cases of similar import, but in those cases the court was dealing with the selection of a jury from the regular panel. Section 2265 of the Statutes, which regulates the mode of selecting a jury, clearly applies only to the regular panel. When that panel is exhausted, the trial judge may, in a criminal case, fill the vacancies either by drawing from the drum or by having bystanders summoned by the sheriff. In this case he could have drawn two names from the drum, or he could have directed the sheriff to summon two bystanders and there could have been no objection. In order to prevent unnecessary delay in completing the jury, he drew twelve names from the wheel. There is no provision in the Statutes requiring these names to be placed in a box and drawn by the clerk. In many cases a large number of names are drawn from the wheel, and, if the court should be required to wait until all had been summoned and had appeared before proceeding with the trial, unnecessary delay would result. The Statute relied upon by appellant does not contemplate that such procedure shall be followed after the regular panel has been exhausted.

Appellant's contention that the verdict is flagrantly against the evidence necessitates a brief statement of the facts. Otis Bond was in charge of a gasoline station owned by Jack Carpenter in the town of Livingston, Ky., and was on duty from 6 p. m. until 6 a. m. Bond testified that he was robbed by two men about 2:30 a. m., July 6, 1936. He was standing in the gasoline station with his back to the door when he heard the men enter. Each had a cloth or rags over his

face and the larger one was carrying a pistol. The one with the pistol told him he had come after his money, and after taking a wallet and two pocketbooks containing $26.93 from his person, ordered him to step into the men's restroom. The smaller of the two men carried a club but never spoke. After the robbery had been committed, they left hurriedly and Bond saw them running toward the railroad. Bond had known Willie Robertson all of his life and he testified positively that he recognized the larger of the two men as Robertson. He was of the opinion that the smaller man was Parker.

Bond immediately notified the officers and, accompanied by a deputy sheriff and one or two policemen, followed the tracks of the two robbers for a distance of about a mile and a half. On the following day they followed the tracks for a distance of about 3½ miles until they were lost on a gravel road. Appellant lived about 4½ miles from Livingston, and the tracks went in the direction of his home. One track was made by a large shoe, No. 10 or 11, and the smaller track was made by a No. 7 or 8 shoe. It was shown that appellant wore No. 10 shoes.

Kenneth Mullins and Ernie Ponder were indicted for the same offense. Mullins was introduced as a witness by the commonwealth and testified that he was at Ernie Ponder's home in the afternoon before the robbery was committed and saw Ernie Ponder, Willie Robertson, and Charlie Parker. About 11 o'clock that night he and Charlie Parker met Ernie Ponder and Willie Robertson on the road. Ernie Ponder had some whisky which he said he was going to deliver to some one down the branch. Parker, according to the witness, said to him: "Go with us. There is going to be a little money in it if you will go with us. We are going down to give little Jack a pull tonight"—meaning Jack Carpenter, the owner of the gasoline station. Mullins said: "No, you fellows will get caught and they got one fellow." Willie Robertson said: "You aint scared are you?" He stated that appellant and Ernie Ponder left, going in the direction of Livingston. He also stated that after the robbery appellant asked him to swear that he had slept with him the night of the robbery.

The court in the instructions told the jury that Kenneth Mullins was an accomplice and gave an in-

struction under section 241 of the Criminal Code of Practice. It is insisted that the testimony of the accomplice is not corroborated by other evidence tending to connect the defendant with the commission of the offense, but the testimony of Otis Bond alone was amply sufficient in this respect. Shelton v. Commonwealth, 261 Ky. 18, 86 S. W. (2d) 1054; Williams v. Commonwealth, 257 Ky. 175, 77 S. W. (2d) 609. Appellant attempted to establish an alibi, and a number of witnesses testified that he was at a church service near his home several miles from Livingston on the night of the robbery and that he returned to his father's home about midnight and remained there the remainder of the night. While the evidence was conflicting, the credibility of the witnesses and the weight to be given their testimony were questions for the jury and, since there was substantial evidence tending to connect the appellant with the commission of the offense, it cannot be said that the verdict is flagrantly against the evidence.

Numerous alleged errors in the admission and rejection of evidence are discussed in appellant's brief, but a discussion of them here would unduly lengthen this opinion and would serve no useful purpose. It is sufficient to say that we have carefully considered all of them and find none prejudicial.

During the trial counsel for the defendant called the commonwealth's attorney as a witness for the defendant. The commonwealth's attorney objected to testifying in the case and the court sustained his objection and refused to require him to testify. The defendant excepted, but made no showing by avowal or otherwise as to what he expected to prove by the offered witness. The court erred in refusing to require the commonwealth's attorney to testify. If he knew facts material to the defense, he should have been required to divulge them on the witness stand; but the defendant, in order to preserve his right to have the error reviewed, should have manifested in the trial court in some manner the nature of the facts he expected to prove by the witness. The rule in this jurisdiction is that, when an objection to a question propounded to a witness is sustained, an avowal as to what the witness would say if permitted to answer must be made and incorporated in the record before the action of the trial court in refusing to permit the witness

to answer can be reviewed by this court. Globe Indemnity Co. v. Daviess, 251 Ky. 442, 65 S. W. (2d) 456; Ray's Adm'r v. Standard Oil Co., 250 Ky. 111, 61 S. W. (2d) 1067; Murphy v. Phelps, 241 Ky. 339, 43 S. W. (2d) 1010; May v. Commonwealth, 153 Ky. 141, 154 S. W. 1074; Lang v. Bach, 142 Ky. 224, 134 S. W. 188.

Appellant argues that this rule has no application here, since the witness was not sworn and the objection was to his competency and not to a particular question. This contention appears to have support in the early case of Foree v. Smith, 31 Ky. (1 Dana) 151. But the same reasons for the rule exist whether the objection is to the competency of the witness or to the relevancy or materiality of testimony called for by a particular question and the complaining party should manifest in the trial court what he expects to prove. There is no reason for any distinction. In the recent case of Clark v. Hale, 209 Ky. 496, 273 S. W. 39, where the objection was to the competency of the witness, the rule was applied. In Burton v. Ott, 226 Ky. 647, 11 S. W. (2d) 700, 701, the court announced during the trial that from that time on all evidence, except on two points, would be excluded. In speaking of the defendant's complaint of the trial court's ruling, this court said:

"If they desired to complain of this ruling, they should have made an avowal of the evidence which they proposed to offer."

Under section 340 of the Criminal Code of Practice a judgment of conviction will not, on appeal, be reversed for any error of law appearing on the record unless the Court of Appeals, upon consideration of the whole case, is satisfied that the substantial rights of the defendant have been prejudiced. Unless the facts which appellant expected to prove by the commonwealth's attorney were relevant and material, the refusal of the court to require him to testify was not prejudicial. The party excepting to such a refusal should, in order to avail himself of the error, state what he expected to prove by the witness and let the bill of exceptions show it. Otherwise this court cannot say that the evidence sought to be introduced was material, or that its rejection was prejudicial to the complainant.

We find no error prejudicial to appellant's substantial rights and the judgment is affirmed.