Edwin Darrell ROWE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 8, 1965.

F. Byrd Hogg, Whitesburg, for appellant.

Robert Matthews, Atty. Gen., David A. Schneider, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

Edwin Darrell Rowe was convicted of voluntary manslaughter and sentenced to fifteen years' imprisonment. He appeals and urges that: (1) He was erroneously refused a jury challenge; (2) the jury was improperly selected; (3) a statement made by him was erroneously admitted in evidence; and (4) certain evidence was erroneously rejected.

Rowe shot and killed Sam Bates on July 30, 1963. The scene of the shooting was Rowe's fishing camp and restaurant near Blair Lake on Cumberland River. Rowe admitted that he was engaged in "bootlegging" there at the suggestion of Bates, who was to receive $100 per week for protecting Rowe from the law enforcement officers. The shooting resulted from an argument ensuing after Rowe had been arrested twice for violation of the liquor laws and because of Bates' apparent failure to provide protection. Bates sought to collect his protection money and Rowe refused to pay. Rowe claimed that he shot Bates in self-defense after Bates had struck him. The sufficiency of the evidence to support the verdict is not in question.

Appellant claims that he should have been permitted to challenge Lake Mann, a juror, under RCr 9.36(3). On May 18, 1964, the impaneling of the jury was begun and several jurors were accepted both by the Commonwealth and the appellant. The next day the appellant moved the court for permission to challenge either for cause or peremptorily Lake Mann, a juror, who had previously been accepted.

The ground of the motion was that appellant had received reliable information that one Robert Collins, Bates' nephew, had materially assisted Mann in obtaining a job with the Department of Highways. Collins was taking a part in the prosecution of the case. The only connection established between the juror and the nephew was that the latter, several years previously, had recommended Mann for such employment. The employment lasted about six months, and Mann was not so engaged at the time of the trial.

RCr 9.36(3) permits a challenge when a juror has been accepted but before the jury is sworn, but only when there is "good cause." The phrase "may permit such challenge" clearly indicates that the granting of such challenge is permissive. What constitutes "good cause" and whether the court will permit such challenge are matters within the discretion of the trial court. Waggoner v. Commonwealth, 255 Ky. 1, 72 S.W.2d 723.

The court found that the juror had been "meticulously" examined by both sides and that he had stated under oath that he had no feeling in the case either way and knew of nothing to prevent him from giving both parties a fair and impartial trial. Under the circumstances it cannot be said that there was an abuse of discretion.

The regular jury panel was exhausted without a jury being obtained. Eighty additional names were drawn from the jury wheel and the trial was recessed until later that day so that the prospective jurors could be summoned. After ten or fifteen of the prospects had appeared and before all of those summoned had appeared, the names of those present were put into the jury box. The trial court then directed that the jury examination continue.

Appellant objected to the proceeding on the ground that unless all of the eighty names were placed in the box at the same time the jury would not represent a cross-section of the county. No authority is submitted guaranteeing an accused a right to such cross-section representation on the jury. RCr 9.30(1) (c) provides that additional jurors may be obtained by drawing their names from the jury wheel or drum. In Robertson v. Commonwealth, 269 Ky. 317, 107 S.W.2d 292, approved in Tarrence v. Commonwealth, Ky., 265 S.W.2d 40, this procedure was approved with this reasoning:

"In many cases a large number of names are drawn from the wheel, and, if the court should be required to wait until all had been summoned and had appeared before proceeding with the trial, unnecessary delay would result."

The action of the trial court was correct.

A written statement made by appellant to Virginia Craft, the coroner, on the day of the shooting was introduced in evidence over objection. Appellant claims that this was error in the light of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. The statement was to the effect that appellant had acted in self-defense. Appellant had previously admitted to a state trooper to whom he had surrendered that he had done the killing. On the trial appellant testified fully concerning the matters contained in the statement.

The statement was in question and answer form. It was taken in the jail dining room while appellant was in custody. The appellant admits that the coroner told him that he did not have to make a statement. He said he was not advised that he had a right to have counsel or that the statement might be used in court.

There is no claim of persuasion, coercion, or duress. The record is silent as to any request by appellant for counsel or any denial of counsel. The factual situation is distinguishable from that in Escobedo. Under the principles in Carson v. Commonwealth, Ky., 382 S.W.2d 85, the statement was admissible.

Appellant contends that the trial court erred in refusing to permit appellant to impeach his own witness. Ralph Bates was called as a witness by appellant to testify concerning the reputation of Sam Bates for "peace and quietude." After he had replied twice in the negative as to whether he was acquainted with such reputation, appellant sought to impeach him by introducing an affidavit signed by the witness in a civil action in which he had stated that the deceased was a dangerous and violent man. Under the principles set forth in Maddox v. Commonwealth, 311 Ky. 685, 225 S.W.2d 107, and Webb v. Commonwealth, Ky., 314 S.W.2d 543, the trial court was correct in holding that appellant could not impeach his own witness. Inasmuch as four other witnesses had previously testified that the deceased's reputation was bad, any further testimony would have been cumulative. Its rejection was not prejudicial error. Griffin v. Commonwealth, 204 Ky. 783, 265 S.W. 327; Elliott v. Commonwealth, 290 Ky. 502, 161 S.W.2d 633.

Judgment affirmed.