**David Earl WILSON, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 27, 1967.

**34**

David Kaplan, Stuart Lyon, Louisville, for appellant.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

David Earl Wilson, Jr., was convicted of knowingly receiving stolen property and sentenced to five years' confinement. Wilson was tried jointly with Joseph Isaac Clayton and David Howard Johnson, who were convicted of storehouse breaking. Wilson appeals. He contends that the trial court erred in commenting on the evidence and in questioning the appellant when he was on the witness stand; the prosecutor was guilty of improper argument; and an oral statement of appellant's was improperly admitted.

The claimed improper conduct of the judge is based on portions of the record, as set forth in appellant's brief. The quoted portions have been read in full context from the record, which accords a more complete meaning and a better understanding.

The first comment was merely an admonishment to counsel not to argue with the witness. The second statement was at the bench and out of the jury's hearing. It concerned a statement made by Clayton, a joint defendant.

The third comment and questions by the trial judge occurred during the cross-examination of appellant concerning when he had learned that the property received by him was "hot." The judge's comment and questions followed an assertion by appellant's counsel that appellant had already been asked and had answered five times that the articles received were new. The record reveals that appellant had been evasive in his answers on this point prior to the complained-of conduct. When read in proper context the judge's action was merely an effort to obtain an answer from appellant as to when he had learned the articles were new. Wilson finally answered, "After I found they were hot."

The fourth complained-of action of the judge consists of simple interrogations as to when and from whom appellant learned the articles were "hot" and why he then called the police.

During the argument by appellant's counsel to the jury, a colloquy between the trial judge and appellant's counsel occurred after appellant's counsel misconstrued an instruction given.

Later, counsel for appellant objected when the prosecutor stated that the counsel for appellant, had he so desired, could have subpoenaed a certain witness. Counsel questioned the correctness of the trial judge's statement that appellant's counsel could have subpoenaed the absent witness.

■ The complained-of actions of the trial judge have been examined, as indicated, in the light of the limitations imposed by Merritt v. Commonwealth, Ky., 386 S. W.2d 727, and Davidson v. Commonwealth, Ky., 394 S.W.2d 911, as well as by Collins v. Sparks, Ky., 310 S.W.2d 45. The serious responsibilities of a judge presiding at a trial are set forth at length therein. While the trial judge may have become irritated by the conduct of appellant's counsel, or at the evasiveness of the appellant, his conduct does not indicate anything prejudicial toward appellant. Much of what is complained of was evoked by or was in response to appellant's counsel. While a trial judge cannot sit mute, he must not allow himself to be "baited" into error. His questioning of the appellant was an effort to ascertain a pertinent fact in the case from an evasive witness. No reversible error is found in the conduct of the trial judge. Taylor v. Commonwealth, Ky., 403 S.W.2d 713.

■ Appellant complains of the prosecutor's argument that " * * * we cannot have men and boys going around breaking in places. They break in homes, they break in stores * * *." It is contended that this argument was improper under Brown v. Commonwealth, Ky., 357 S.W.2d 681. Brown is distinguishable on the ground that there the argument went outside the record and contained a recitation of criminal statistics. Here the argument is nothing more than a general denunciation of crime, which is permissible. Fields v. Commonwealth, 275 Ky. 136, 120 S.W.2d 1021; McGee v. Commonwealth, Ky., 395 S.W.2d 378.

It is urged that certain statements indicative of guilt made by appellant to the police should not have been admitted. While comfort is sought from Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L. Ed.2d 977, and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, neither is available here.

■ Appellant made the statements to the police voluntarily after he had called the officers and at a time when he was not in custody. The trial court inquired into the voluntariness and admissibility of the statements at a hearing in chambers. No record of this proceeding is presented. In such case the presumption is that the evidence heard supports the court's decision on admissibility. Lawson v. Commonwealth, Ky., 403 S.W.2d 281. A spontaneous, voluntary admission before being placed in custody is admissible. Carson v. Commonwealth, Ky., 382 S.W.2d 85, cert. denied 380 U.S. 938, 85 S.Ct. 949, 13 L.Ed.2d 825; Rowe v. Commonwealth, Ky., 394 S.W.2d 751; Smith v. Commonwealth, Ky., 402 S.W.2d 686. The statements were correctly admitted.

■ Miranda is available neither in principle nor retroactively. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

Judgment affirmed.