**Elmer BROCK, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 28, 1968.

Cabell D. Francis, Ben K. Wilmot, Stanford, for appellant.

John Breckinridge, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

The defendant appeals from a judgment wherein he was convicted of the offense of manslaughter and sentenced to eight years in the penitentiary.

Several grounds of error are set out. We have determined that the case must be reversed because of improper selection of the jury and the other grounds are not likely to occur upon a new trial, so they will not be discussed.

Upon the trial of the case, which was held in Rockcastle County, the court determined that the jury should be selected from an adjoining county and directed that 60 jurors be summoned from Pulaski county. During the voir dire of this panel of jurors it was discovered that they had not been selected according to the provisions of KRS 29.262, and upon motion of defendant the entire panel was finally dismissed by the court. The court then directed that the judge of the Pulaski circuit court draw 60 names from the jury wheel of that county to be summoned to appear April 5, 1967. These jurors were so summoned and on the date of the trial 30 of their number appeared. The panel of 30 was exhausted with only 10 jurors seated. At the time appellant had four peremptory challenges remaining. Court was recessed. The trial judge took the list of 30 jurors who had not appeared and personally selected 18 of the 30 and instructed the sheriff of Rockcastle county to go into Pulaski county and inform the 18 to appear and upon their failure to do so to make arrest. When court was reconvened at three o'clock only two additional jurors were present, one of whom was excused for cause. At 4:37 p.m. one more prospective juror appeared in person. The court remained in session until five o'clock awaiting the arrival of the other jurors. When none appeared, court recessed until 9 a.m., April 6, at which time four other possible jurors appeared and from whom the jury was selected. During all of this time appellant repeatedly moved the court for a mistrial and objected to the procedures used in the selection of the jury.

We have previously held that where the regular panel is exhausted a piecemeal completion of a deficiency in the panel was not erroneous. The authority for so holding was found in KRS 29.280 which gave the trial court the right to use bystanders, our reasoning being that since the use of bystanders would be of necessity a piecemeal procedure then certainly the defendant could not object if this same procedure were used on jurors selected from the drum. See Rowe v. Commonwealth, Ky., 394 S.W.2d 751; Tarrence v. Commonwealth, Ky., 265 S.W.2d 40; Robertson v. Commonwealth, 269 Ky. 317, 107 S.W.2d 292. In the Robertson case, we said:

"When that panel is exhausted, the trial judge may, in a criminal case, fill the vacancies either by drawing from the drum or by having bystanders summoned by the sheriff. In this case he could have

drawn two names from the drum, *or he could have directed the sheriff to summon two bystanders and there could have been no objection.* In order to prevent unnecessary delay in completing the jury, he drew twelve names from the wheel. There is no provision in the Statutes requiring these names to be placed in a box and drawn by the clerk. In many cases a large number of names are drawn from the wheel, and, if the court should be required to wait until all had been summoned and had appeared before proceeding with the trial, unnecessary delay would result." (Emphasis added.)

This distinction is no longer valid since the enactment of RCr 9.30, subd. c, which provides:

"When it appears that the names in the jury box are about to become exhausted, the judge may obtain additional jurors by drawing from the drum, or, with the consent of the parties, by ordering the sheriff or a bailiff appointed by the court to summon any number of qualified persons."

It will be noted that this section abolishes the right of the trial judge to select bystanders except with permission of the parties. Since the permission of the parties was not given in the case now before us, the trial court had no right to select bystanders. It therefore follows that any additional jurors selected will have to be selected in accordance with KRS 29.280 as modified by RCr 9.30. Therefore, when all names are exhausted from the box the judge should have "again drawn from the drum in open court double the number of names to supply their places" and continued this process until the requisite number of jurors was obtained. When the requisite number was obtained, their names should have been placed in a box and drawn out at random as would be the case with a regular panel. RCr 9.30 eliminates the basis which justified the piecemeal system.

The judgment is reversed.

All concur.