**David Ray BYRD, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 12, 1971.

Gross C. Lindsay, Trimble & Lindsay, Henderson, for appellant.

John B. Breckinridge, Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

Appellant was convicted after a jury trial and sentenced to 21 years in the penitentiary for maliciously shooting Roy Adams and Charles Kalichum with intent to kill them, and to five years on the charge of carrying concealed a deadly weapon. We reverse the judgment on both counts. The facts of the case are as follows:

On March 20, 1969, there was a warrant outstanding for appellant charging him with

parole violation, he having previously been paroled following a conviction of armed robbery.

Pursuant to the warrant, police officers Kalichum, Adams and Melton stopped the car in which appellant was riding with one Joe Mackey and undertook to effect his arrest. Appellant jumped out of his car with a gun, grabbed officer Kalichum and holding the gun against Kalichum proceeded to back away from the other officers. Kalichum fearing that appellant was about to shoot officer Melton began to struggle with him and in the ensuing struggle was himself shot. When Kalichum fell to the ground, the other officers opened fire wounding appellant. Appellant returned their fire striking officer Adams. He is now before this court presenting seven grounds upon which he insists his conviction should be reversed. They are as follows:

1. Improper argument by the Commonwealth's Attorney in his closing statement.

2. Improper use of bystanders as jurors.

3. Error of the court in overruling certain pretrial motions.

4. Error of the court in failing to set aside the jury after improper comments were made by one of the prospective jurors.

5. Error in refusing to grant a continuance.

6. Error of the court in failing to advise him of his right to appeal at the time of sentence.

7. Error of the court in failing to direct a verdict for him upon the evidence.

Most of the foregoing allegations are frivolous and obviously without merit. However, we have determined that we need only discuss one as the case will have to be reversed on that point. The other points may not arise on a new trial and, therefore, will not be discussed in this opinion.

Appellant's second contention, that bystanders were used over his objections as jurors, is meritorious. RCr 9.30(c) provides:

"When it appears that the names in the jury box are about to become exhausted, the judge may obtain additional jurors by drawing from the drum, or, with the consent of the parties, by ordering the sheriff or a baliff appointed by the court to summon any number of qualified persons."

Here is is undisputed that the trial court summoned five bystanders over appellant's objection. Only one of these was seated on the jury, however, the number actually seated is not material. The trial court had no right to obtain additional jurors except from the drum once the defendant let it be known that he did not agree to the summoning of bystanders. This point was made most clear in Brock v. Commonwealth, Ky., 430 S.W.2d 333, and we reemphasize it here only for the purpose of letting it be known to all concerned that bystanders cannot be selected unless by the consent of the accused and the Commonwealth.

In this case there is no doubt concerning the fact that the accused did shoot two police officers. He has seven previous felony convictions and it is regrettable from the standpoint of cost to the taxpayers and the consumption of time of several courts that this must be reversed. However, we see no alternative.

Judgment reversed.

All concur.